FILED
Samuel L. Kay, Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 3:51 pm, Sep 19, 2011

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Dublin Division

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| HENRI J. ARSENAULT | ) | Chapter 13 Case |
| SHEILA B. ARSENAULT, | ) | Number <u>10-30022</u> |
| | ) | |
| Debtors | ) | |
| | ) | |
| HENRI J. ARSENAULT | ) | |
| SHEILA B. ARSENAULT, | ) | Adversary Proceeding |
| | ) | Number <u>11-03006</u> |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JP MORGAN CHASE BANK, N.A., | ) | |
| | ) | |
| Defendant | ) | |

**ORDER**

The matter before me is JP Morgan Chase Bank, N.A.'s ("Chase['s]") motion to dismiss the complaint filed by Henri and Sheila Arsenault ("Debtors" or "Plaintiffs"). This is a core proceeding pursuant to 28 U.S.C. §157(O) and jurisdiction is proper pursuant to 28 U.S.C. §1334. For the following reasons, Chase's motion to dismiss is granted.

**FINDINGS OF FACTS**

On January 18, 2010, Debtors filed a joint chapter 13 bankruptcy petition. Their confirmed chapter 13 plan provides that

AO 72A
(Rev. 8/82)

their real property located in Florida (the "Property") will be surrendered "in full satisfaction" of Chase's claim. (Plan, Ex. C, Dckt. No. 3). Debtors do not reside at the Property. Debtors contend Chase's failure to cause the Property to be transferred out of Debtors' names is a veiled attempt to collect a debt in violation of the automatic stay and a violation of the confirmation order.

## CONCLUSIONS OF LAW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), as made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7012(b), a party may seek to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b). To survive a motion to dismiss, the plaintiff cannot simply use labels and conclusory statements nor can a plaintiff just recite the elements of a particular cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain "sufficient factual matters, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009). A claim is considered factually plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This plausibility standard is not synonymous with a "probability requirement," but it "asks for more than a sheer

2

possibility that a defendant has acted unlawfully." Id.

Failure to state a claim for which relief may be granted is a purely legal question. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1270 n. 19 (11th Cir. 2009). To analyze the motion, the court presumes well-pled facts as true, but the court is not required to accept a plaintiff's proclaimed legal conclusions. Id. at 1260. When considering a motion to dismiss, courts have the authority to "fully resolve any purely legal question" and consequently, there is no "inherent barrier to reaching the merits [of a claim] at the 12(b)(6) stage." Marshall Cnty. Health Care Auth. v. Shalala, 988 F.2d 1221, 1226 (D.C. Cir. 1993). "A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." Sinaltrainal, 578 F.3d at 1260 citing Iqbal, 129 S.Ct. at 1950 and Twombly, 550 U.S. at 561-62, 570.

The issue in this case is whether, under the facts of this case, the creditor can be compelled to take affirmative steps to accept surrendered collateral pursuant to 11 U.S.C. §1325(a)(5)(C), and whether its failure to do so violates the automatic stay or confirmation order. There are no factual disputes in the current case. Debtors argue since §1325(a)(5)(C) allows them to surrender collateral to the lender in full satisfaction of the debt, the lender must actively transfer title to the Property.

Section 1325(a)(5)(C) of the Bankruptcy Code provides

3

that:

> (a) Except as provided in subsection (b), the court shall confirm a plan if--
>
> (5) with respect to each allowed secured claim provided for by the plan-
>
> . . .
>
> (C) the debtor surrenders the property securing such claim to such holder. . . .

11 U.S.C. §1325(a)(5)(C). Debtors acknowledge the Bankruptcy Code does not define "surrender" as it is used in §1325. Nevertheless, Debtors argue the confirmation order creates a binding contract which requires Chase to affirmatively accept title to the Property. I disagree.

The act of surrender does not obligate Chase to take the affirmative action of transferring title. Black's Law Dictionary defines "surrender" as:

> 1. The act of yielding to another's power or control.  2. The giving up of a right or claim . . . . 3. The return of an estate to the person who has a reversion or remainder, so as to merge the estate into a larger estate. . . .

Black's Law Dictionary 1484 (8th ed. 2004). As a matter of law, given the undisputed facts of this case the act of "surrender" does not obligate Chase to transfer title out of Debtors' names. "Consistently with the general principle that surrender of encumbered property leaves the secured creditor in control of the

4

exercise of its remedies, a plan cannot require a secured creditor to accept a surrender of property or take possession of or title to it through repossession or foreclosure." Hon. W. Homer Drake, Jr., Hon. Paul W. Bonapfel & Adam M. Goodman, Chapter 13 Practice and Procedure §9C:9 at 682 (2010-11 ed.); In re Service, 155 B.R. 512, 515 (Bankr. E.D. Mo. 1993)("the Court cannot compel acceptance of the surrendered property"); In re White, 282 B.R. 418, 423 (Bankr. N.D. Ohio 2002)("[T]he Code does not provide for the court or the debtor to direct the means by which the secured creditor deals with the surrendered property."); Pratt v. Gen. Motors Acceptance Corp. (In re Pratt), 462 F.3d 14, 19 (1st Cir. 2006)(in the context of 11 U.S.C. §521(a)(2)(a) in a chapter 7[1] "nothing in subsection 521(a)(2) remotely suggests that the secured creditor is *required* to accept possession of the [collateral] . . . as such a reading would be at odds with well-established law that a creditor's decision whether to foreclose on and/or repossess collateral is purely voluntary and discretionary. Thus, we agree with the [creditor's] contention that the [debtors'] surrender did not require that it repossess the collateral if [the creditor] deemed such repossession

---

[1] "This understanding of surrender under §521(a)(2) informs the Court's understanding of the term's meaning in the Chapter 13 context. . . ." In re Cormier, 434 B.R. 222, 230 (Bankr. D. Mass. 2010).

5

cost ineffective.")(emphasis in original); Canning v. Beneficial Maine, Inc. et al. (In re Canning), 442 B.R. 165, 172 (Bankr. D. Me. 2011)(in a chapter 7 "[t]hough the Code provides debtors with a surrender option, it does not force creditor to assume ownership or take possession of collateral."); but see Pigg v. BAC Home Loans Servicing, LP (In re Pigg), 453 B.R. 728 (Bankr. M.D. Tenn. 2011)(equitable remedy fashioned to address the attempted surrender of a condominium made uninhabitable by a flood, where bank had actively taken possession of the property).

There are no allegations that Chase has taken possession of the Property. The nature of the Debtors' interest in real property is determined by state law. See Butner v. United States, 440 U.S. 48 (1979). Under Florida law, Chase does not have a reversion or remainder interest in the Property.[2] Florida is a lien theory jurisdiction whereby "a mortgage shall be held to be a specific lien on the property therein described, and not a conveyance of the legal title or of the right of possession." Fla. Stat. Ann. §697.02 (West 2011). Under Florida law, a mortgage does not transfer title, possession or any other interest in property other than the lien. Wertkin v. Wertkin, 763 So.2d 461, 463-64 (Fla. Dist. Ct. App. 2000). Since Chase has not foreclosed on the

---

[2] The Property is located in Florida and the mortgage is governed by Florida law.

6

Property, Debtors remain the owners. Nothing in the loan documents requires Chase to take possession of the Property.

Furthermore, Debtors are not obligated to continue to make such payments. As one court has explained:

> [Creditor's] chosen course of action, or inaction, did not make things easy for the [debtors]. Forces remained at work that could make their continued ownership of the real estate uncomfortable—forces like accruing real estate taxes and the desirability of maintaining liability insurance for the premises. But those forces are incidents of ownership. Though the Code provides debtors with a surrender option, it does not force creditors to assume ownership or take possession of collateral. And although the Code provides a discharge of personal liability for debt, it does not discharge the ongoing burdens of owning property.

In re Canning, 442 B.R. at 172 (involving chapter 7 debtor).

Contrary to Debtors' assertion, Chase is not in contempt, under 11 U.S.C. §105(a)[3], of the confirmation order, nor has it violated the §362 provisions of the automatic stay. As previously

---

[3] Section 105(a) provides in pertinent part:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. §105(a).

7

AO 72A
(Rev. 8/82)

stated, Chase has not violated the confirmation order. Furthermore, "[f]ederal courts are courts in law and in equity, and a court of equity has traditionally had the power to fashion any remedy deemed necessary and appropriate to do justice in a particular case." Carter-Jones Lumber Co. v. Dixie Distrib. Co., 166 F.3d 840, 846 (6th Cir. 1999) (citing United States v. Price, 688 F.2d 204, 211 (3d Cir. 1982)). Section 105(a) grants the bankruptcy court equitable power, but such power is constrained by the provisions of the Bankruptcy Code. Hemar Ins. Corp. of Am. v. Cox (In re Cox), 338 F.3d 1238, 1241 (11th Cir. 2003), Childress v. Middleton Arms, L.P. (In re Middleton Arms, Ltd. P'ship), 934 F.2d 723, 724 (6th Cir. 1991). Debtors argue Chase's inactions impede Debtors' ability to a fresh start thereby violating the fresh start concept of the Bankruptcy Code. However, "...in enacting the Bankruptcy Code, Congress sought to strike a balance among the competing interests of debtors, creditors and the government." United States v. Sutton, 786 F.2d 1305, 1306 (5th Cir. 1986). Debtors' fresh start is not the only interest addressed in the Bankruptcy Code. Under the Code's structure, debtors are not absolved of all incidents of ownership. Chase is prevented from pursuing Debtors in personam for this debt, but given these facts, Chase is not required to absolve Debtors of truly third party obligations that are incidents of property ownership. In re Canning, 442 B.R. at 172. Nothing in the

8

Bankruptcy Code requires Chase to transfer title.

> While the bankruptcy courts have fashioned relief under Section 105(a) in a variety of situations, the powers granted by that statute may be exercised only in a manner consistent with the provisions of the Bankruptcy Code. That statute does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, or constitute a roving commission to do equity.

Sutton, 786 F.2d at 1308. For these reasons, I conclude Chase has not violated the confirmation order and I decline to exercise any §105 power to require Chase to transfer title out of Debtors' names.

Furthermore, I conclude Chase has not violated the automatic stay. Debtors argue Chase's inaction is a veiled attempt to collect a debt in violation of 11 U.S.C. §362(a)(6).[4] Chase argues while this Property was surrendered to it, Chase retains the discretion whether to foreclose, repossess or take no action with respect to the Property. I agree. Chase has not taken any action

---

[4] 11 U.S.C. §362(a)(6) states:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of-

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

9

AO 72A
(Rev. 8/82)

in violation of the stay. As previously discussed, after the Property is surrendered, Chase's decision whether to foreclose and/or repossess the Property is purely a voluntary and discretionary decision. In re Pratt, 462 F.3d at 19. "In assessing violations of the automatic stay and the discharge injunction, the core issue is whether the creditor acted in such a way as to 'coerce' or 'harass' the debtor improperly." Id. at 19. In Pratt, the court held that the creditor violated the discharge order not because it failed to affirmatively accept the surrender of the vehicle, but rather, because the creditor failed to release its lien on a worthless vehicle without payment in full. Id. at 19-20; In re Canning, 442 B.R. at 172. In the current case, Debtors have failed to allege facts demonstrating improper coercion or harassment in violation of the automatic stay.[5] After discharge, Debtors will be discharged of any personal liability on Chase's claim. While Debtors may incur some third party expenses, those expenses are incidents of ownership and are not debts owed to Chase. See In re Canning, 442 B.R. at 172. This is not an act by Chase "to collect, assess or recover a claim against the Debtors." 11 U.S.C. §362(a)(6). Therefore, I find Debtors have failed to state a claim

---

[5] There is what appears to be a rogue paragraph in Debtors' brief referring to a Notice of Payment Change, but there is no attached documentation of this notice and this was not raised at the hearing. The docket does not reflect that any such documentation was filed on February 25, 2011.

under 11 U.S.C. §362.

For these reasons, pursuant to Rule 12(b)(6) and given the undisputed facts of this case, I find as a matter of law, Debtors have failed to state a claim upon which relief can be granted, and it is therefore ORDERED that the Motion to Dismiss is GRANTED.

_____
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this 19th Day of September 2011.

11